for its instant rejection. The sale of the property at the foreclosure carried with it the title to these fixtures, and the defendant, as purchaser at the sale, acquired good title. It necessarily follows that no cause of action was established in favor of the plaintiff, and the motion to direct a verdict in favor of the defendant, made at the close of the case, should have been granted.

We are also of opinion that it was error to permit the plaintiff to recover damages for the depreciation in value of the boilers, as such damages were not pleaded in the complaint. It is not necessary that we set out our reasons therefor, as upon the main question we think there can be no recovery.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

### SEXTON v. ONWARD CONST. CO.

(Supreme Court, Appellate Division, First Department. April 8, 1904.)

1. WITNESSES — CROSS-EXAMINATION — EVIDENCE AT FORMER HEARING — RE-EXAMINATION.

Where a witness was cross-examined as to statements made by him at a coroner's inquest, the counsel for the opposite party was entitled to show his entire testimony before the coroner on the subject as to which he was cross-examined.

Appeal from Trial Term, New York County.

Action by Mary Sexton, as administratrix of the estate of Edward Sexton, deceased, against the Onward Construction Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and INGRAHAM, JJ.

John M. Stearns, for appellant.
Thos. D. Adams, for respondent.

VAN BRUNT, P. J. This action was brought to recover damages for the death of one Edward Sexton, plaintiff's intestate; it being charged that such death was the result of the negligence of the defendant. The deceased was an employé of the Pittsburg Glass Company, which company had a contract with the defendant, the owner of the building at which the accident in question happened, for the furnishing and placing of certain glass in the building, and he was employed in the building on that work on the day the accident happened. In the morning of the 13th day of February, 1903, the deceased was caught while attempting to get into one of the elevators in the building, and crushed to death.

In view of the conclusion at which we have arrived in respect to errors committed in the introduction of evidence, it is not necessary to discuss the question as to the weight of the evidence relating to the way in which the accident happened. It appears that there was an examination before the coroner as to the accident, and that among

the witnesses examined before him was Adolphus B. Webb.    He was also a witness for the defendant upon this trial, and, upon his cross-examination, various questions were put to him as to his testimony before the coroner, and he was asked if certain questions were not asked him, and whether he did not make certain answers' to them. Upon the redirect examination the witness was asked whether certain other questions were not put to him upon that occasion relating to the same subject upon which he had been cross-examined as to his evidence before the coroner, and, when he had answered in the affirmative, the court refused to allow the witness to state whether he did not make certain answers thereto. This, we think, was error. The counsel for the plaintiff, in his cross-examination, having asked the witness as to the statements made by him before the coroner, the counsel for the defendant had the right to show to the jury what was the whole of the statement of the witness before the coroner upon the subject as to which he was cross-examined. If a part of the statement of a witness is offered in evidence by one party, the other party has the right to offer the remainder of his statement relating to the subject upon which he was cross-examined. Grattan v. Metropolitan Life Ins. Co., 92 N. Y. 274, 44 Am. Rep. 372; Taft v. Little, 178 N. Y. 127, 70 N. E. 211.    The circumstances as to which the witness was testifying were part of those attending the accident itself, and therefore it was most essential, if part of the statement made by the witness before the coroner was introduced, that the whole of it should be before the jury, in order that improper deductions should not be drawn therefrom.

For this error, we think that the judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event.    All concur.